THIS ORDER IS A PRECEDENT
OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

November 26, 2019

Opposition No. 91243081

*Chix Gear, LLC*

*v.*

*Princess Race Wear Corp.*

**M. Catherine Faint,**
**Interlocutory Attorney:**

This case now comes before the Board on Opposer's fully-briefed motion, filed May 10, 2019, to compel discovery. The motion is timely.[1] *See* Trademark Rule 2.120(f)(1), 37 C.F.R. § 2.120(f)(1).

**A. Background**

Opposer filed a notice of opposition[2] to Applicant's intent-to-use application to register the mark LIFE IS BETTER AT THE RACE TRACK[3] on the ground of

---

[1] *See* 2 TTABVUE 3 setting the date for discovery to close as April 23, 2019 and the due date for Plaintiff's pretrial disclosures as June 7, 2019. This motion is filed prior to the due date for pretrial disclosures. Trademark Rule 2.120(f)(1), 37 C.F.R. § 2.120(f)(1).

[2] 1 TTABVUE.

[3] Application Serial No. 87658033, filed October 27, 2017 for jewelry in Class 14, coin purses, gym bags, handbags, satchels, sport bags, wallets in Class 18, and belts, coats, flip flops, footwear, hats, pants, shirts, shoes, shorts, socks, seaters, sweatshirts in Class 25 based on Trademark Act § 1(b).

likelihood of confusion under Trademark Act Section 2(d), 15 U.S.C. § 1052(d). Applicant denied the salient allegations of the notice of opposition in its answer.[4] Opposer's motion concerns Applicant's responses to Opposer's combined "First Set of Interrogatories, Document Requests and Requests for Admissions" served on January 20, 2019.[5] Under the schedule imposed by the Board when this case was instituted, the discovery period ended on April 23, 2019. Opposer agreed to extensions of Applicant's time to serve its responses to March 26, 2019, apparently without making its agreement contingent upon reserving a period for follow-up discovery and without seeking an extension of the discovery period. Applicant responded on March 29, 2019, but did not produce any responsive documents until April 5, 2019. The documents, produced electronically, were five photographs. On April 15, 2019, with the close of discovery eight days away, Opposer emailed Applicant to request supplemental information regarding the photographs. On May 10, 2019, having received no supplemental information from Applicant, Opposer filed the instant motion seeking to compel Applicant to provide the date the photographs were taken and the identity of the person who took the photographs.[6]

---

[4] 4 TTABVUE.

[5] 5 TTABVUE 10.

[6] The Board will give no consideration to Opposer's additional request to preclude Applicant from relying on any documents not produced during discovery pursuant to Trademark Rule 2.120(h)(2), the subject of TBMP § 527.01(b), cited by Opposer as authority for the motion. Trademark Rule 2.120(h)(2) may be the basis for discovery sanctions such as preclusion where a party "informs the party seeking discovery that no response will be made." In this case, Applicant served its written responses three days late, produced the responsive documents at issue six days later on April 5, 2019, and on April 30, 2019 explained that further production would be delayed, but that Applicant would be willing to reopen discovery. Because there has been no refusal to provide discovery, Trademark Rule 2.120(h)(2) is

**B. Opposer's Motion to Compel**

**1. Good Faith Effort**

Opposer made a good faith effort, through multiple emails exchanged between counsel, to resolve the parties' discovery dispute prior to seeking Board intervention. *See* Trademark Rule 2.120(f)(1). *See also Hot Tamale Mama…and More, LLC v. SF Invs., Inc.*, 110 USPQ2d 1080, 1081-82 (TTAB 2014) (noting it is incumbent upon party to make more than single inquiry to resolve dispute prior to filing motion to compel).

**2. Motion to Compel**

Opposer seeks an order compelling Applicant to provide two specific types of information regarding the five photographs produced in response to Opposer's Request for Production of Documents, namely: 1) the date the photographs were taken; and 2) the identity of the person who took the photographs.

In response, Applicant argues that Opposer has not identified any discovery request that would obligate Applicant to provide the date the photographs were taken or to identify the person who took the photographs, and thus concludes that the discovery requests are deficient on this point and there is nothing to compel.

In reply, Opposer refers to the requested information about the photographs as "metadata" for the responsive documents that must be provided to fully respond to

---

inapplicable. Nor do we find any basis to enter discovery sanctions under our inherent authority. *See, e.g., SFM, LLC v. Corcamore, LLC*, 129 USPQ2d 1072, 1078-79 (TTAB 2018) (granting judgment as a sanction under Trademark Rule 2.120(h)(1) and the Board's inherent authority).

the original document request.[7] Opposer argues that the five photographs were responsive to Document Request No. 9, and the request for the metadata is inherent in the document request:

> 9. All documents evidencing Applicant's claim that Applicant has priority over Opposer.
>
> **Applicant's Response**:[8] Applicant objects to this request on the ground that the request for "all documents evidencing Applicant's claim" is overly broad and unduly burdensome, including because it is not limited to documents relating to any particular time period. Notwithstanding this objection, Applicant responds as follows: Applicant will produce a representative sample of responsive documents in its possession, custody, or control, to the extent such documents exist.[9]

Without defining "metadata", Opposer contends that the photographs were provided as proof of priority, and without the requested information "the documents cannot corroborate any alleged priority claim."

"Metadata" is generally defined as "data that provides information about other data."[10] The Board's primary reviewing court has used a more detailed definition:

> Data typically stored electronically that describes characteristics of ESI [electronically stored information], found in different places in different forms. Can be supplied by applications, users or the file system. Metadata can describe how, when, and by whom ESI was collected, created, accessed, modified, and how it is formatted. Can be altered intentionally or inadvertently. Certain metadata can be extracted when native files are

---

[7] 8 TTABVUE 2.

[8] 5 TTABVUE 85.

[9] Although not raised by Opposer's motion to compel, the Board notes that Applicant's response is improper to the extent it states that it will produce documents "to the extent such documents exist." Such response does not inform Opposer whether responsive, non-privileged documents actually exist, nor does the response inform Opposer whether Applicant has withheld any documents responsive to the document request based on the objections it lodged in response to the particular request. *See* Fed. R. Civ. P. 34(b)(2)(C).

[10] *Merriam-Webster Dictionary* at https://www.merriam-webster.com/dictionary/metadata.

processed for litigation. Some metadata, such as file dates and sizes, can easily be seen by users; other metadata can be hidden or embedded and unavailable to computer users who are not technically adept. Metadata is generally not reproduced in full form when a document is printed to paper or electronic image.

*CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 108 USPQ2d 1969, 1978 n.2 (Fed. Cir. 2013) (*quoting* The Sedona Conference, *The Sedona Conference Glossary: E–Discovery & Digital Information Management* 34 (Sherry B. Harris et al. eds., 3d ed. 2010)).[11]

Fed. R. Civ. P. 34(b)(2)(E), made applicable to Board proceedings by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a) provides,

> *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i.) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> (ii.) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> (iii.) A party need not produce the same electronically stored information in more than one form.

---

[11] The Board's lead case on ESI also cites The Sedona Conference, stating "Federal courts have referred to the Sedona Conference as 'the leading authorit[y] on electronic document retrieval and production.'" *Frito-Lay N. Am., Inc. v. Princeton Vanguard, LLC*, 100 USPQ2d 1904, 1908 n.9 (TTAB 2011).

Although the Rule does not specifically address metadata, a party seeking discovery may specify a form for production and request metadata under Fed. R. Civ. P. 34(b)(1)(C).[12]

Opposer's discovery requests have been sent as a combined request with only one preamble applicable to interrogatories, document requests and admission requests.[13] The definition section of Opposer's combined discovery requests defines documents in part as "the original and non-identical copies… including…photographs."[14] The preamble makes no mention of electronically stored information (ESI), nor is there any indication that the parties discussed how ESI would be produced, or entered into any stipulations regarding ESI.[15] In any event, it seems at least some metadata associated with the photographs, which were served upon Opposer in electronic form, was provided by Applicant as Opposer observes that the "meta-data associated with the photos [Applicant] produced on April 5, 2019 indicate that the file was created on April 5, 2019."[16]

---

[12] Fed. R. Civ. P 34(b)(1)(C) provides that a discovery request, "may provide the form or forms in which electronically stored information is to be produced."

[13] *See* 5 TTABVUE 74-86. The Board is not bound by the instructions or preamble a party may attach to its discovery requests and makes its own independent determination of the adequacy of a discovery response. *See Avia Group Int'l, Inc. v. Faraut*, 25 USPQ2d 1625, 1626 (TTAB 1992).

[14] 5 TTABVUE 76-77.

[15] *See, e.g.*, Fed. R. Civ. P. 26(f)(3)(C) (parties' discovery plan must state parties' views and proposals on how ESI should be produced), Fed. R. Civ. P. 34(b)(1)(C) (party may specify in its discovery request in which form ESI is to be produced).

[16] 5 TTABVUE 93.

Fed. R. Civ. P. 34 does not require that the requesting party specify a form of production, but where the parties have not specified the form of production for ESI, the responding party must produce it in the form in which it is "ordinarily maintained" or in a "reasonably usable form."[17] Opposer does not argue that the photographs are not in the form in which they are ordinarily maintained, that they are not reasonably usable, or even that they do not contain metadata, but rather that Applicant did not provide the information showing the date the photographs were taken and by whom.

Applicant does not address whether it produced the photographs in the form in which they were "ordinarily maintained," but it appears on their face that they are "reasonably usable" as photographs and Opposer does not argue otherwise. Nor has Opposer argued that it propounded follow-up discovery requests for the information it seeks, arguing instead that the information requested is inherent in the request for documents, "evidencing Applicant's claim that Applicant has priority over Opposer."[18]

To the extent Opposer is arguing a request for metadata is "implicit" or inherent in its discovery request, there is no basis for the argument. *See, e.g.*, *India Brewing, Inc. v. Miller Brewing Co.*, 237 F.R.D. 190 (E.D. Wis. 2006) (while party may request production in specific electronic format, where it simply asks for "documents," production in electronic format is not required).

---

[17] Fed. R. Civ. P. 34(b) advisory committee's note to 2006 amendment.

[18] 8 TTABVUE 3.

While Rule 34 is a starting point for resolving discovery disputes involving ESI and metadata, there is nothing inherent in the Rule requiring production of metadata where neither party has specified the form in which discovery will be provided, or where metadata has not been requested. *See* RICHARD L. MARCUS, 8B FED. PRAC. & PROC. CIV. 3D § 2219 (Westlaw 2019). *See also Autotech Techs. Ltd. P'ship v. AutomationDirect.com, Inc.*, 248 F.R.D. 556, 559-60 (N.D. Ill. 2008) (finding where requesting party did not specify it wanted metadata as part of document production, responding party would not be compelled to supply it); *Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169, 171 (D. Del. 2006) (noting current trends in electronic discovery appear to articulate presumption against production of metadata).

Here, Opposer did not request the "metadata" information in its production requests, therefore Applicant need not provide it. *See, e.g.*, *D'Onofrio v. SFX Sports Grp., Inc.*, 247 F.R.D. 43, 48 (D.D.C. 2008) (denying motion to compel metadata where discovery request did not specifically request it).

In view thereof, Opposer's motion to compel is **denied**.

C. **Schedule**

Proceedings are resumed. Dates are reset as set out below.

| | |
|---|---|
| Discovery Closes | CLOSED |
| Plaintiff's Pretrial Disclosures Due | 12/14/2019 |
| Plaintiff's 30-day Trial Period Ends | 1/28/2020 |
| Defendant's Pretrial Disclosures Due | 2/12/2020 |
| Defendant's 30-day Trial Period Ends | 3/28/2020 |
| Plaintiff's Rebuttal Disclosures Due | 4/12/2020 |
| Plaintiff's 15-day Rebuttal Period Ends | 5/12/2020 |
| Plaintiff's Opening Brief Due | 7/11/2020 |

| | |
|---|---|
| Defendant's Brief Due | 8/10/2020 |
| Plaintiff's Reply Brief Due | 8/25/2020 |
| Request for Oral Hearing (optional) Due | 9/4/2020 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).

***